**BATA SHOE CO., Inc., et al. v. PERKINS et al.**

No. 6182.

District Court of the United States for the District of Columbia.

June 11, 1940.

Walter G. Moyle, Francis W. Hill, Jr., Ralph P. Wanlass, and John W. Cragun, all of Washington, D. C., for plaintiffs.

Edward M. Curran, U. S. Atty., John W. Fihelly and John L. Laskey, Asst. U. S. Attys., and Gerard D. Reilly, Sol., Charles Edward Rhetts, Associate Sol., and Frederick U. Reel, Atty., Department of Labor, all of Washington, D. C., for defendants.

MORRIS, Justice.

On June 12, 1939, the defendant, James L. Houghteling, as Commissioner of Immigration and Naturalization Service of the Labor Department of the United States, by his assistant, upon the application and representations of the plaintiff, Bata Shoe Company, Inc., a corporation organized under the laws of the State of New York, with its principal office at Belcamp, Aber-

deen, Maryland, advised that company that the Department of Labor tentatively authorized the importation for one year, pursuant to the provisions of Section 136(h), Title 8, Chapter 6, U.S.C.A. (4th proviso of Sec. 3 of the Immigration Act of 1917, 39 Stat. 874), of not more than one hundred citizens of Czechoslovakia, for the purpose of teaching American workers in methods of shoe manufacture employed by the Bata Shoe Company. This statute permits the entry into the United States of certain skilled laborers, if otherwise admissible, and if labor of like kind unemployed cannot be found in this country; the question of the necessity of importing such skilled labor in any particular instance may be determined by the Secretary of Labor upon the application of any person interested, such application to be made before such importation, and such determination by the Secretary of Labor to be reached after a full hearing and an investigation into the facts of the case. Any contract laborers not coming within the proviso here referred to are excluded from admission into the United States and if admitted, are subject to deportation. Any person or corporation assisting or soliciting the importation of any contract laborer, unless exempted by the provision referred to, is guilty of an offense against the United States and punishable as provided in Section 139, Chapter 6, Title 8, U.S.C.A. (Ch. 29, Sec. 5, Immigration Act of 1917, 39 Stat. 879).

Pursuant to this tentative authorization, names of individual aliens were furnished by the Bata Shoe Company to the Immigration and Naturalization Service, and entry permits were issued to seventy-eight of such aliens. On December 28, 1939, the Bata Shoe Company was advised by the Commissioner of Immigration and Naturalization Service to the effect that investigation had indicated that there "are very few processes employed at the Bata plant which are not known to skilled American workers and which might justify the importation of Czechoslovakian workers on the assumption that unemployed skilled American labor of the type required to perform these processes is not available." The Commissioner thereupon stated that, after January 10, 1940, that company would be permitted to employ only ten of the alien visitors whose entry had been approved, and previous permission granted for the entry of the others was withdrawn. This communication was modified by subsequent ones with the net result that the retention of twenty-five of

the aliens so admitted were considered properly employed by the Bata Shoe Company, and directions given that all others so admitted "discontinue their employment with the Bata Shoe Company, failing which, action will be taken looking to the institution of deportation proceedings." The forty-five plaintiffs herein, other than the Bata Shoe Company, are aliens who have been admitted as above stated, and against whom deportation proceedings will be instituted, unless such proceedings are enjoined as prayed for in the complaint herein. The relief herein sought is an injunction for this purpose and a declaratory judgment that defendants are without authority of law to revoke or modify the action of the Department of Labor set forth in its communication of June 9, 1939, by the subsequent communications relating thereto. It is urged by the Bata Shoe Company, a domestic corporation, that it has acquired certain rights under the original action of the Department of Labor, of which it may not be deprived by the deportation of the alien plaintiffs, or any modification of such original action.

It is insisted on behalf of the defendants that, while the communications of the Commissioner of Immigration and Naturalization Service subsequent to June 9, 1939, contain rather curious directions, for which there is no statutory authority, concerning the employment of the alien plaintiffs by the plaintiff, Bata Shoe Company, the only legal effect of such communications is to give notice that deportation proceedings will be instituted to test the very questions which are sought to be adjudicated in these proceedings.

There are two statutory methods by which alien contract laborers who have entered, and those interested in their importation, may be dealt with. One is by deportation proceedings in which the critical facts can be examined and the questions of law determined. If the party sought to be deported is not afforded a full, adequate hearing, in which the findings are supported by substantial evidence; or, if the law is mistakenly applied in such proceedings, judicial relief can be had by the writ of habeas corpus. If the importation of an alien contract laborer, not exempted by the proviso under which the Secretary of Labor may permit such entry, has been assisted or solicited by some person or corporation, proceedings may be instituted

510

against such person or corporation to enforce the criminal penalty. In such proceedings, clearly the power of the Secretary of Labor to modify a permit of entry could be challenged. This is not that kind of action. However, in deportation proceedings, it can be determined whether the alien plaintiffs may remain in this country under the original authority to enter, or whether that authority may be revoked, either because it was given under misrepresentation, or the alien is not employed to perform the skilled labor for which employment his entry was authorized. Clearly the question as to whether or not the Secretary of Labor has any legal authority to revoke a permit of entry under the section of the statute here applicable may be considered in such deportation proceedings and, if erroneously decided therein, may then become the subject of judicial action in habeas corpus proceedings.

■ It would seem arbitrary, and not in accord with that principle of fair play which should characterize all administrative procedure, to revoke with finality a permit for the importation of alien contract labor, which has been issued by the Secretary of Labor to a domestic corporation, without giving that corporation a full, fair opportunity to be heard, regardless of whether or not its interests have the status of property rights. If the action here complained of had that conclusive effect, there would be clearer occasion for the invocation of the judicial power, but that is not the case. Neither the Bata Shoe Company nor the alien plaintiffs may properly complain at the institution of administrative proceedings to determine their rights, if such proceedings afford full and fair opportunity for them to be heard; and if these proceedings do not afford such opportunity, judicial relief may then be sought. Not before the result and conduct of those proceedings are known could there be any proper occasion for direction by the courts to the executive branch of the Government, to whom Congress has committed the task of determining the right of aliens to remain in the country. It is not enough to say that the Bata Shoe Company may not be allowed to intervene in the deportation proceedings. That company has not yet been denied such right, and it is not to be assumed that it will be.

The motion to dismiss the complaint is allowed.